UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ORIGINAL

United States of America,

Plaintiff,

v.

GABRIEL RAPHAEL LEAF,

Defendant.

No. 18-20325

Hon. GERSHWIN DRAIN

**Offenses:**
Count 1: 18 U.S.C. § 2251(a)

**Maximum Penalties:**
Count 1: 15 - 30 years'
imprisonment

**Maximum Fines:**
Count 1: $250,000

**Maximum Supervised Release:**
Count 1: 5 years – up to life

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,
Defendant GABRIEL RAPHAEL LEAF and the government agree as
follows:

## 1. Guilty Plea

### A. Count of Conviction

Defendant will enter a plea of guilty to Count 1 of the Indictment, which charges: production of child pornography, in violation of 18 U.S.C. § 2251(a).

### B. Elements of Offense

The elements of Count 1—production of child pornography—are:

1. The Defendant knowingly employed, used, persuaded, enticed and coerced any minor to engage in sexually explicit conduct; *of a minor* .

2. The purpose of the conduct was to produce any visual depiction of such conduct; and

3. The materials used to produce the visual depiction had been mailed, shipped, and transported in and affected interstate and foreign commerce.

## C.  Factual Basis for Guilty Plea

*The following facts are a sufficient and accurate basis for Defendant's guilty plea:*

In August of 2017, the Defendant took pictures of MV-2 (a 14-year old boy who resides in the Western District of Michigan) while he was sleeping.  According to MV-2, Defendant was a friend of the family and was spending the night at their home.  Defendant was sleeping in a separate bed in the same room.  In the middle of the night, Defendant unbuttoned MV-2's boxers, grabbed MV-2's penis, and took a photograph with his phone.  Law enforcement executed a search warrant for the contents of Defendant's phone.  They discovered numerous pictures of MV-1 (a now 15 year-old boy) and eight pictures of MV-1's penis. Defendant babysat for MV-1.

On at least one occasion in August of 2015, when MV-1 was 12 years old, Defendant told MV-1 to take off his pants, directed MV-1 to put his leg in between Defendant's legs, and took several photographs of his penis.  Although Defendant told MV-1 that he took the pictures because of MV-1's rash, this was not the real reason that Defendant took the

pictures. He intended to have MV-1 undress so that he could take pictures of MV-1's naked penis for his own sexual gratification, and MV-1's penis was the focal point of the photographs. The phone that the Defendant used to take the pictures was not manufactured in Michigan and thus traveled in interstate commerce. Defendant took these pictures at MV-1's residence in Ann Arbor, Michigan.

During the investigation of the incidents involving MV-1 and MV-2, law enforcement learned about MV-3. MV-3 (a now 17-year old boy) stated that the Defendant used to be good friends with his sister. However, the Defendant touched MV-3's crotch area on two different occasions when MV-3 was 11 or 12 years old. Because of these incidents, MV-3's sister ended her friendship with the Defendant.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

## B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the parties recommend that Defendant's guideline range is 324 - 360 months, as set forth on the attached worksheets. **Defendant's advisory sentencing guideline range is 324 - 405 months, based on a total offense level of 40 and a criminal history category of II. However, Count 1 has a statutory maximum of thirty years. As a result, Defendant's guideline range is capped at the statutory maximum or 30 years (360 months).**

If the Court finds:

a)   that Defendant's criminal history category is higher than reflected on the attached worksheets,

or

b)   that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of

acceptance of responsibility for his offense(s); or

obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **324 - 360 months**, the higher guideline range becomes the agreed upon range. But if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

## C. Relevant Conduct

The relevant conduct in this case includes, but is not limited to, all the counts in the Indictment.

### 3.  Sentence

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A.  Imprisonment

The Court **must** impose a sentence of imprisonment on Counts One of at least fifteen years.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the sentence of imprisonment in this case may not exceed the statutory maximum, which is 30 years' imprisonment.  The Government agrees to recommend that any sentence imposed run concurrently with any other sentence the Defendant is now serving.  Although the parties agree that the U.S. Attorney's Office in the Western District of Michigan could bring charges based on the violation of 18 U.S.C. § 2251(a) for the Defendant's conduct with respect to MV-1, the U.S. Attorney's Office for the Western District of Michigan has agreed not to bring charges in exchange for the Defendant's guilty plea in this case with respect to criminal conduct associated with MV-1.



### B. Supervised Release

A term of supervised release follows the term of imprisonment. There is no agreement as to the term of supervised release. But the Court must impose a term of supervised release on Count 1 of no less than five years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C. Special Assessment

Pursuant to the Justice for Victims of Trafficking Act of 2015, Defendant will pay a special assessment of **$5,000.00**. *See* 18 U.S.C. § 3014.

### D. Fine

There is no agreement as to fines.

### E. Restitution

Restitution is mandatory in this case. The Court shall order restitution to every identifiable victim of Defendant's offense. 18 U.S.C. § 2259. The Defendant agrees that MV-1 and MV-2 are all identifiable victims of the offense. Defendant agrees to pay restitution in the amount

of $10,000 each to MV-1 and MV-2. MV-1 and MV-2 still maintain a right to request a larger amount of restitution from the Court, but Defendant agrees to pay a minimum of $10,000 to each.

## 4.    SORNA/Adam Walsh Act

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 5.     Collateral Consequences of Conviction

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

## 6. Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253(a)(3) and/or 18 U.S.C. § 2428, Defendant agrees to forfeit his interest in the following property:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b); and

3. Any property, real or personal, involved in the commission of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b).

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above-described property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the

above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the above-described assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 7.    Use of Withdrawn Guilty Plea

If the Court allows the Defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 8.    Other Charges

If the Court accepts this agreement, the government will dismiss any remaining charges in this case.

## 9.    Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise Defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 10.   Appeal Waiver

The Defendant waives any right he may have to appeal his conviction. If the Defendant's sentence does not exceed the maximum allowed by Part 3 of this agreement, the Defendant also waives any right he may have to appeal his sentence.    If the sentence imposed is within the guideline range as determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.  Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the Defendant properly raises such claim by collateral review under 28 U.S.C. Section 2255.


## 11.   Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If Defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against

Defendant within six months after the date the order vacating Defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 13. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before

the guilty plea is entered in court. Thus, no oral or written promises made by the government to Defendant or to the attorney for the Defendant at any time before Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

## 14. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 p.m.** on **May 13, 2019**. The government reserves the right to modify or revoke this offer at any time before Defendant pleads guilty.

Matthew Schneider
United States Attorney

_____
Matthew Roth,
Chief, Major Crimes Unit

_____
April N. Russo,
Assistant United States Attorney

Date: May 9, 2019

By signing below, Defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Tom Cranmer,
Attorney for Gabriel Leaf

_____
Gabriel Leaf,
Defendant

Date: 5-14-19

## WORKSHEET A

# OFFENSE LEVEL

Defendant **Gabriel Leaf**                    District/Office **Eastern District of Michigan**

Docket Number **18-20325**

Count Number(s) **1**          U.S. Code Title & Section **18** : **USC 2251** ; ____ : ____

*Guidelines Manual* Edition Used: 20**16** (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions:* Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| §2G2.1 | Production of Child Pornography | 32 |
| §2G2.1(b)(1) | A minor was between the ages of 12 and 16 | 2 |
| §2G2.1(b)(5) | Minor was in the care of Defendant | 2 |
| §2G2.1(b)(2) | Sexual contact - touching of penis | 2 |
|  |  |  |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum **38**

### 2. Victim-Related Adjustments (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§_____ [ ]

### 3. Role in the Offense Adjustments (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".

§_____ [ ]

### 4. Obstruction Adjustments (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§_____ [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.

**38**

 Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

 If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# MULTIPLE COUNTS*

Defendant _____ Docket Number _____

## INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

_____

_____

_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. *See* §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

1. **Adjusted Offense Level for the First Group of Counts**

   Count number(s) _____                                      [ ] _____ Unit

2. **Adjusted Offense Level for the Second Group of Counts**

   Count number(s) _____                                      [ ] _____ Unit

3. **Adjusted Offense Level for the Third Group of Counts**

   Count number(s) _____                                      [ ] _____ Unit

4. **Adjusted Offense Level for the Fourth Group of Counts**

   Count number(s) _____                                      [ ] _____ Unit

5. **Adjusted Offense Level for the Fifth Group of Counts**

   Count number(s) _____                                      [ ] _____ Unit

6. **Total Units**

                                                                    _____ Total Units

7. **Increase in Offense Level Based on Total Units** (See §3D1.4)

   | | | | | |
   |---|---|---|---|---|
   | 1 unit: | no increase | 2½ – 3 units: | add 3 levels | [ ] |
   | 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels | |
   | 2 units: | add 2 levels | More than 5 units: | add 5 levels | |

8. **Highest of the Adjusted Offense Levels from Items 1–5 Above**

                                                                    [ ]

9. **Combined Adjusted Offense Level** (See §3D1.4)

   Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.      [ ]

---

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (*see* §1B1.2(d)); offense guidelines that direct such application (*e.g.*, §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (*see* §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

Defendant __Gabriel Leaf__                                Docket Number __18-20325__

> Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** __August 2015 - September 2017__
(The date of *the defendant's commencement of the instant offense*(s))

## 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an ***adult***, for each prior sentence of imprisonment ***exceeding one year and one month*** imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior ***adult or juvenile sentence*** of confinement of ***at least 60 days*** not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior ***adult or juvenile sentence*** not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(d)(2)(B).

Note: Identify as **"adult"** any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment ***exceeding one year and one month*** imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of ***at least 60 days*** not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(e)(2).

Note: A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant **Gabriel Leaf**    Docket Number **18-20325**

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 3/12/2018 | Criminal Sexual Conduct 2nd Degree | 4-14 years | | | 3 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

**4. Total Criminal History Points** (Sum of Items 3–5)    **3**

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

**II**

U.S. Sentencing Commission Worksheets (November 1, 2016)

# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant __Gabriel Leaf__    Docket Number __18-20325__

---

**1. Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

| 38 |

**2. Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

| – 3 |

**3. Offense Level Total** (Item 1 less Item 2)

| 35 |

**4. Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

| II |

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a. Offense Level Total**

   If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

| 40 |

   **b. Criminal History Category**

   If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

| |

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

| 324     to 405 |

**7. Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

| 324     to 360 |

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☑ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

Defendant is currently serving a 4 to 15 year state sentence of imprisonment. The parties jointly recommend that the sentence in this

case run concurrently with that sentence. This court has discretion to run the sentence concurrently or consecutively.

Defendant  Gabriel Leaf                                    Docket Number  18-20325

## 9.  Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐  **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐  **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement,or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐  **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑  **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10.  Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐  At least one year, but not more than five years if the offense level total is 6 or greater.

☐  No more than three years if the offense level total is 5 or less.

Defendant __Gabriel Leaf__                     Docket Number __18-20325__

## 11. Supervised Release (See §§ 5D1.1 and 5D1.2)

### a. Imposition of a Term of Supervised Release:

- [✓] Ordered because required by statute (See §5D1.1(a)(1)).

- [ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

- [ ] Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

- [ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

### b. Length of Term of Supervised Release

Check the Class of the Offense:

- [ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1)) .

- [ ] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

- [ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

- [✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):
  __5__ years mandatory minimum term of supervised release

- [ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See § 5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
10,000 each for MV-1, MV-2, and MV-3

b. Enter whether restitution is statutorily mandatory or discretionary:
Mandatory

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:
Order of restitution

Defendant __Gabriel Leaf__                Docket Number __18-20325__

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|

**a. Special Fine Provisions**

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.      $ [        ]

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.      $ 50,000      $ 500,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))).      $ [        ]      $ [        ]

**d. Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**      $ 5,000

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

Completed by __April N. Russo__                Date __6/8/2018__